UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-22707-CV-KING

SHARON MARQUEZ,

    Plaintiff,

vs.

THE CITY OF OPA-LOCKA,
Florida,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon the Defendant's Motion for Summary Judgment (DE 15) filed on February 8, 2019. The Court likewise reviewed the Plaintiff's Response (DE 20) filed on March 3, 2019, to which the Defendant Replied (DE 24) on March 14, 2019. The Defendant moves for Summary Judgement on all counts. After careful consideration, the Court finds that Summary Judgment is warranted.

### I.    BACKGROUND

The Plaintiff, Sharon Marquez ("Plaintiff") filed the instant matter against Defendant City of Opa-Locka ("Defendant") seeking to recover damages for employment discrimination she allegedly suffered. The Plaintiff is Hispanic. She commenced employment with the City on December 10, 2007 as a code enforcement officer. The Plaintiff alleges that all other employees in her department were African-American. In June 2014, Plaintiff filed a charge of ethnic discrimination with the EEOC alleging that she was being harassed by the City's code enforcement director Gregory Days. During the pendency of that claim, on October 31, 2015,

the Plaintiff was terminated. The only reason stated was that the termination was "a result of budgetary constraints." At that time, no alternative job was offered to the Plaintiff. On December 30, 2015, the City posted a job opening for a code enforcement officer position "nights and weekends." Shortly thereafter, on January 20, 2016, Defendant rehired Plaintiff for the same position. On June 20, 2016, Plaintiff filed a second Charge of Discrimination with the EEOC with respect to the October 30, 2015termination. A Right to Sue letter was issued. The plaintiff has never signed an employment agreement with the City and remains employed until today.

## II.  LEGAL STANDARD

"Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fat and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy[,] and inexpensive determination of every action." *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002). Summary judgment is appropriate unless there is a genuine issue of fact for trial. *Agee v. Porter*, 216 F. App'x 837, 840 (11th Cir. 2007). "For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). In opposing a motion for summary judgment, the nonmoving party "must show specific facts to support that there is a genuine dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may not rely on the pleadings, but rather must demonstrate a genuine issue for trial through affidavits, depositions, interrogatory answers, and admissions. *Celotex*, 477 U.S. 323-24. The existence of a "mere

2

scintilla" of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the finder of fact could reasonably find for the moving party. *Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 840-41 (11th Cir. 2014) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)).

## III. DISCUSSION

### A. Count I – Termination from public employment without due process

The Plaintiff claims that she was vested with a property interest in continued employment by the City's Personnel Rules, enacted by ordinance No. 07-03, upon her hire in 2007 into the City's classified service. She complains that the City deprived of her employment without any due process of law and argues that she had an expectation of continuing employment.

The Defendant moves for summary judgment on this count arguing that the plaintiff cannot establish the first element of a procedural due process claim – deprivation of a constitutionally-protected liberty or property interest. The Defendant also argues that even if she could establish a deprivation of property interest, the procedural due process claim fails because the Plaintiff had an adequate post-deprivation remedy available under Florida law. The Plaintiff could have challenged her termination under Florida law, but failed to do so. The Defendant contends that the City is entitled to judgment on this issue. In response, the Plaintiff acknowledges that she never signed an employment contract or any written agreement with the city regarding her employment. The Plaintiff claims, however, that the City eliminated its Personnel Board by the time she was terminated, which left her without her right to appeal.

"[A] §1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally [] inadequate process." *J.R. v. Hansen*, 803 F.3d 1315, 1320

3

(11th Cir. 2015); *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). The Plaintiff cannot establish the first element of a procedural due process claim – that is a deprivation of a constitutionally protected liberty or property interest. The Plaintiff fails to provide any competent evidence to support her contention that she had an expectation of continued public employment. The Plaintiff's employment was "at will" and she had no legitimate claim to entitlement of continued employment at the City when she was terminated. Moreover, although the Personnel Board had been abolished, the Plaintiff did not challenge her termination in state court, which was available to her to pursue at the time. Given the foregoing, the Defendant is entitled to Summary Judgment on this Count.

### B. Count II, III, IV – Retaliatory Discharge

The Plaintiff next claims that her termination in October 2015 was in retaliation for filing a claim of ethnic discrimination with the EEOC in 2014. The Plaintiff also alleges that she was retaliated against in violation of Title VII when she was denied her civil service right to be called back to the position and instead replaced with a new hire and when she was rehired on January 25, 2016 to a purportedly lower position without restoration of seniority or accrued benefits. In support, the Plaintiff states, without factual support, that in light of the City's immediate filing of her position at a higher salary her termination was pretextual. The Defendant counters that the Plaintiff's retaliation claim fails because the Plaintiff lacks evidence of causation. The Court agrees.

"To establish a prima facie case of retaliation under Title VII [and the FCRA], a plaintiff must demonstrate: (1) that he engaged in statutorily protected activity; (2) that he suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity." *Harper v. Blockbuster Entm't Corp.*, 139 F.3d

4

1385, 1388 (11th Cir. 1998).

Upon review of the pleadings, the Plaintiff fails to present any evidence to support that the adverse employment action (her termination) was causally related to her protected activity (filing the EEOC claim). The filing of the EEOC claim was in June 2014 and she was terminated in October 2015. The lack of temporal proximity is fatal to Plaintiff's claim. Moreover, the Plaintiff failed to provide any evidence to support her contentions that her position was filled at a higher salary. In the absence of any evidence linking the Plaintiff's termination to her protected activity more than 15 months earlier, the Defendant argues that they are entitled to judgment with respect to these counts.

### C. Count V – Employment Discrimination under Florida Civil Rights Act

Finally, the Plaintiff claims that her termination violated the Florida Civil Rights Act of 1992, which prohibits an employer from discriminating against an employee who filed a charge of discrimination. The Defendant moves to dismiss this count on the basis that this claim is a regurgitation of the Plaintiff's Count II retaliation claim. Furthermore, the Defendant argues that Count V should fail because the Plaintiff failed to provide any substantive evidence regarding similarly situated employees who were allegedly treated more favorably than she was. The Court agrees.

The Plaintiff failed to provide any evidence that shows that her termination was discriminatory or pretext for unlawful retaliation. The Plaintiff testified that she was not the only person that was terminated in October 2016. When asked why she believed that she was fired for reasons other than the budget, she said that a colleague had sent her a picture of a job posting for her position, shortly after she was terminated. The City's attorney asked her to provide the

picture and she said she would look for it. It does not appear that she found the picture and there is no mention of it in the Plaintiff's Response.

The uncontroverted evidence demonstrates that the Plaintiff was terminated due to budgetary concerns. That is a non-retaliatory, legitimate reason unrelated to her alleged protected activity. Given the foregoing, the Defendant is entitled to summary judgment on this count.

## IV. CONCLUSION

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant The City of Opa-Locka's Motion for Summary Judgment and Incorporated Memorandum of Law **(DE 15)** be, and the same is, hereby **GRANTED**. This matter is dismissed with Prejudice.[1]

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of March, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

---

[1] All the dates set forth in the Court's Scheduling Order (DE 12), including those for pre-trial conference and trial are hereby cancelled.